UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| MERCHANT IVORY PRODUCTIONS, LTD., MERCHANT IVORY PRODUCTIONS (USA), INC., THE BOSTONIANS PRODUCTIONS, LTD., MERCHANT IVORY PRODUCTIONS (an Indian entity), JAMES IVORY and ACKMA RECOVERY, LLC,<br><br>              Plaintiffs,<br><br>        —*against*—<br><br>JANUS FILMS, LLC, a/k/a JANUS FILMS COMPANY, a/k/a CRITERION FILMS,<br><br>              Defendant. | Civil Action No. 12 Civ. 6325 (GBD)<br><br>ANSWER WITH AMENDED COUNTERCLAIMS AND THIRD PARTY COMPLAINT |
| JANUS FILMS COMPANY, LP, s/h/a "JANUS FILMS, LLC, a/k/a JANUS FILMS COMPANY, a/k/a CRITERION FILMS,"<br><br>              Third Party Plaintiff,<br><br>        —*against*—<br><br>HANWAY FILMS, LIMITED,<br><br>              Third Party Defendant | |

---

        Defendant, Janus Films Company, LP, a Delaware limited partnership, sued herein as "Janus Films, LLC, a/k/a Janus Films Company, a/k/a Criterion Films," ("Janus") as and for its Answer to the complaint herein, upon information and belief:

1.      Denies the allegations of paragraphs 2, 8, 9, 11, 12, 13, 15 through 24, inclusive; 27, 28, 29, 31, 34, 43 through 49, inclusive; 51 through 56, inclusive; and 58 through 63.

2.       Denies knowledge or information sufficient to form a belief as to the truth of paragraphs 1, 3, 4, 5, 6, 7, 25, 26, 30, 32 and 35 through 42, inclusive.

3.       Denies the allegations of paragraph 10 thereof, except admits that defendant entered into an agreement with Merchant Ivory Productions dated November 2, 1999, and refers to the same for an accurate statement of the content thereof.

4.       Denies the allegations of paragraph 14 thereof, except admits that Stephen Nakamura sent the email, a copy of which is annexed as Exhibit A to the complaint, to Jonathan Turell on or about December 28, 2010, and refers to the same for an accurate statement of content thereof.

5.       Denies the allegations of paragraph 33 thereof, except admits that Stephen Nakamura sent a letter to Jeffrey D. Ullman, Esq., on February 13, 2012, a true copy of which is annexed as Exhibit B to the complaint, and refers to the same for an accurate statement of the content thereof.

6.       Repeats and realleges each and every admission, denial and denial of sufficient knowledge or information to form a belief as to truth as applicable with respect to the matters repeated and realleged at paragraphs 50 and 57 thereof.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by waiver

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by estoppel

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs claims are barred, in whole or in part, by their failure to have complied with the requirements of the Copyright Act concerning registration.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, insofar as they demand statutory damages and an award of counsel fees, by reason of plaintiffs' failure to comply with the procedural requirements of the Copyright Act which are conditions precedent to such an award.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their failure to have joined a necessary party.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they are not being prosecuted by the real party in interest.

### COUNTERCLAIMS

### FACTS COMMON TO ALL COUNTERCLAIMS

#### The Parties

7. Janus is a limited partnership, duly organized and subsisting under the laws of the State of Delaware, having an office and principal place of business at Park Avenue South, New York, New York.

8. Plaintiffs, except ACKMA Recovery, LLC, are known to Janus only as "Merchant Ivory Productions," ("MIP") an entity having a business address in the City and State of New York. Over a course of years, Janus and MIP have engaged in numerous transactions and correspondence, and, at no time did MIP disclose or distinguish between the various entities identified as plaintiffs herein.

9. Upon information and belief, plaintiff ACKMA Recovery, LLC ("ACKMA"), is a limited liability company organized and subsisting under the laws of the State of New York, which

is engaged in the business of commercial debt collection and related endeavors. Upon information and belief, ACKMA has an office and principal place of business at Albany, New York.

10. Janus adds ACKMA as an involuntary party plaintiff in this action pursuant to Rules 13(h), 19 and 20, **Fed.R.Civ.Proc.**, for purposes of asserting counterclaims against it, as more fully set forth below.

MIP Licenses its Library of Films to Janus

11. On, in or about November 2, 1999, Janus and MIP entered into an agreement pursuant to which Janus was authorized to copy, distribute, perform and display 26 motion pictures ("the MI Library") in various media, including television, and for home entertainment, in the United States, its territories, possessions, mandates and commonwealths and in English-speaking Canada ("the 1999 License Agreement"), in exchange for the payment of royalties, calculated as a percentage of the proceeds derived by Janus from the exploitation of the rights granted to it.

12. Under and pursuant to the 1999 License Agreement, Janus paid a substantial advance to MIP, to be recouped out of the proceeds derived from the exploitations of the MI Library. The advance was fully "cross-collateralized," meaning that it was to be applied equally to, and recouped equally from, the exploitation of each of the titles in the MI Library.

13. The 1999 License Agreement included, as an essential element, MIP's warranty and representation that it owned full right, title and interest in and to the MI Library, and was fully authorized to deal in the same, subject only to the limitations and restrictions disclosed therein, which acknowledged that certain titles would not be available in certain media until certain disclosed and definite dates.

14. The 1999 License Agreement was amended and modified thereafter by agreement of the parties, the effect of which was to adjust certain "end dates" on which the rights conferred therein would expire.

15. Beginning not later than December, 2009, MIP contacted Janus to pursue discussion of an extension of the rights conferred under the 1999 License Agreement.

<u>The Renewal of the License</u>

16. In or about January, 2010, Janus responded to MIP's request to open negotiations for an extension, and Janus thereafter made a proposal for the terms of such an extension.

17. In or about late December, 2010, with less than a week remaining before the "end dates" for some of the titles in the MI Library, MIP informed Janus that the negotiations for an extension were being delayed by the demands of a third party, ACKMA, with whom MIP was involved in an arbitration proceeding. According to MIP, ACKMA claimed that MIP could not enter into any agreement for the extension of motion picture distribution rights without ACKMA's participation, authorization and approval, but, as MIP further informed Janus, MIP emphatically rejected ACKMA's claims of right, including its claim that MIP was not authorized to "negotiate a new deal with Janus without ACKMA's involvement."

18. In or about late December, 2010, MIP also asked that Janus not undertake any of the "end of license period" obligations set forth in the 1999 License Agreement relating to the physical film materials for the MI Library, but instead asked that Janus maintain those materials, and otherwise made clear MIP's intentions to conclude an extension of the 1999 License Agreement with Janus, even if the formal agreement for an extension were not concluded until some time in 2011.

### Third Party Defendant Hanway Films, Ltd. Enters the Negotiations

19. In or about February, 2011, third party defendant Hanway Films Limited ("Hanway") approached Janus and informed Janus that it was the duly constituted sales agent for plaintiff Merchant Ivory Productions, Ltd., ("MIUK"), and that it was, in that capacity, authorized to negotiate and conclude an extension of the 1999 License Agreement concerning United States distribution rights in and to the MI Library.

20. At all relevant times, Janus made MIP's attorneys and representatives in the United States aware of Hanway's approach, and its representations concerning its authority to act on MIUK's behalf.

21. At all relevant times, MIP, through its attorneys and representatives in the United States, confirmed Hanway's authority to act on MIUK's behalf for purposes of negotiating and concluding an extension of the 1999 License Agreement.

22. On, in or about July 25, 2011, Hanway prepared and Janus executed an extension agreement providing for the continuation of Janus' rights to distribute, perform and display, and to authorize the distribution, performance and display of the MI Library, together with certain additional MI titles, in the United States, its territories, possessions, mandates and commonwealths and in English-speaking Canada, through December 31, 2023 ("the 2011 Extension").

23. In connection with the 2011 Extension, Janus paid and agreed to pay a substantial advance against proceeds ultimately to be earned through exploitation of the MI Library, to MIUK, through its agent, Hanway. Pursuant to the 2011 Extension, the advance was to be paid in stages, for a total of $350,000.00. To date, Janus has paid $280,000.00 ("the Partial Advance") to Hanway. Upon information and belief, Hanway remitted the Partial Advance

|   |   |
|---|---|
|   | to or for the account of MIUK in the United States.  In addition, the 2011 Extension carried over the unrecouped portion of the advance paid to MIP under the 1999 License Agreement, ("the Unrecouped Advance") such that the total amount paid by Janus for the benefit of MIP, is $308,000.00. |
| 24. | Following full execution of the 2011 Extension by Hanway, as agent for MIUK, on the one hand, and Janus, on the other, MIP, through counsel, asked to examine a copy of the 2011 Extension.  Janus invited MIP to obtain a copy from MIUK's own agent, Hanway. |

ACKMA Forces MIP's Hand

| | |
|---|---|
| 25. | Upon information and belief, at all relevant times, ACKMA represented the interests of MIP's creditors, collectively owed well in excess of a million dollars. |
| 26. | Over time, by virtue of its status as the representative of creditors owed enormous debt, ACKMA began to exercise and thereafter continued to exercise authority and control over MIP, such that MIP ceased to have independent authority to act on its own, but instead became a mere tool of ACKMA, and ACKMA, in turn, became MIP's agent and alter ego, exercising control over, or at least "veto power" over, its business judgments and decisions. |
| 27. | To that end, ACKMA demanded that MIP repudiate the 2011 Extension, and, by letter to counsel for Janus dated February 13, 2012, MIP complied, falsely alleging that Hanway had not been authorized to enter into the same, when, in truth and in fact, Hanway had been so authorized.  MIP, acting on behalf of ACKMA, and carrying out its instructions, demanded that Janus "cease and desist" from exploitation of the MI Library, save for those titles which for distribution rights continued, pursuant to the 1999 License Agreement, and its various amendments and modifications, or pursuant to other agreements and licenses. |

28. Despite its repudiation of the 2011 Extension, MIUK failed and refused to refund the Partial Advance or the Unrecouped Advance, which had been paid in connection therewith.

29. Upon information and belief, the Partial Advance, having been paid to Hanway, as agent for MIUK, has since been remitted to a collection account administered and controlled by ACKMA.

30. On, in or about August 17, 2012, plaintiffs commenced the instant action, effectively confirming MIP's repudiation of the 2011 Extension, and MIP's status as ACKMA's tool.

31. MIP's repudiation of the 2011 Extension was wrongful, and without just cause or excuse, and the commencement of this action has been undertaken in bad faith.

32. MIP's repudiation of the 2011 Extension, and its commencement of this action, was induced and demanded by ACKMA, which directed and controlled the matter.

33. As a result thereof, Janus has withdrawn all previously granted third party rights to distribute, perform and display the MI Library (with the exception of titles for which distribution rights continued, pursuant to the 1999 License Agreement, and its various amendments and modifications, or pursuant to other agreements and licenses).

## FIRST COUNTERCLAIM

34. Janus repeats and realleges each and every fact set forth in paragraphs 7 through 33 hereof, as if the same were fully set forth at length.

35. The foregoing constitutes an anticipatory breach of contract going to the whole of the 2011 Extension, including the covenant of good faith and fair dealing which is an element of that contract.

36. By reason of the foregoing, Janus is entitled to monetary relief against MIUK, MIP and ACKMA, as their respective liabilities may appear, including the economic value to it of the

2011 Extension, together with reasonable counsel fees and the costs of the proceedings, to the extent authorized or provided by law.

## SECOND COUNTERCLAIM

37. Janus repeats and realleges each and every fact set forth in paragraphs 7 through 33 hereof, as if the same were fully set forth at length.

38. By reason of the foregoing, Janus is entitled to declaratory relief, finding and determining that the 2011 Extension is a valid, binding and enforceable agreement, and that the rights purportedly conveyed therein were conveyed, as therein provided, in fact and in law.

39. Even if the Court finds that the 2011 Extension is a valid, binding and enforceable agreement, Janus has and will sustain loss and damage consisting of its share of the revenue reasonably to have been derived from the exploitation of the full MI Library during the pendency of this litigation, prior to any such finding and conclusion.

40. By reason of the foregoing, Janus is entitled to compensatory damages from MIP, MIUK and ACKMA, as their respective liabilities may appear.

## THIRD PARTY COMPLAINT

Defendant, Third Party Plaintiff Janus Films Company, LP ("Janus"), s/h/a as "Janus Films, LLC, a/k/a Janus Films Company, a/k/a Criterion Films," as and for its third party complaint herein, upon information and belief, alleges:

## THE PARTIES

41. Janus is a limited partnership, duly organized and subsisting under the laws of the State of Delaware, having an office and principal place of business at Park Avenue South, New York, New York.

42. Janus is engaged in business as a distributor of theatrical motion pictures.

43. Third Party Defendant Hanway Films Limited ("Hanway") is a foreign corporation, duly organized and subsisting under the laws of the United Kingdom of Great Britain, having an office and principal place for the transaction of business at 24 Hanway Street, London, W1T 1UH, England.

44. Upon information and belief, Hanway is engaged in business as an international seller, distributor, and financier of theatrical motion pictures.

## JURISDICTION AND VENUE

45. This Court has subject matter jurisdiction herein pursuant to 28 U.S.C. §§ 1338 and 1331 because plaintiffs alleges claims against Janus for violation of the copyright laws, and pursuant to 28 U.S.C. § 1367, which provides for the proper exercise of supplemental jurisdiction over all claims which are so related to the claims in the principal action as to form part of a single case or controversy under Article III of the United States Constitution, including claims, such as the instant counterclaims and third party claim for breach of contract and indemnity, against parties additional to those involved in the principal action.

46. This Court has personal jurisdiction over Third Party Defendant Hanway by reason of Hanway's status as agent for plaintiff MIUK and its contractual relationship with Janus, which contemplates the latter's exercise of rights, under copyright, throughout North America, including the United States and the State of New York.

## THIRD PARTY COMPLAINT

47. Janus repeats and realleges each and every fact set forth in paragraphs 7 through 33 hereof, as if the same were fully set forth at length.

48. Under and pursuant to the 2011 Extension, Hanway represented and warranted that it had full right and authority to enter into the same, and to grant and confer the exclusive license of rights under copyright set forth therein ("the Warranty of Authority").

49. Under and pursuant to the 2011 Extension, Hanway agreed that it would indemnify Janus, and hold Janus harmless against all cost, liability and expense, including reasonable counsel fees, arising out of any breach of the warranties set forth therein, including, but not limited to the Warranty of Authority.

50. At all relevant times, Janus acted with respect to the MI Library in accordance with the terms, conditions and provisions of the 2011 Extension.

51. At all relevant times, Janus complied in all respects with the terms, conditions and provisions of the 2011 Extension, and performed all obligations on its part to be performed pursuant thereto.

52. By reason of the foregoing, if Janus is liable to plaintiffs, or any of them, as alleged in the complaint herein, then Hanway is liable to Janus for any and all damages to which the Court may find plaintiffs or any of them entitled, together with the costs and disbursements of this action and reasonable counsel fees and other costs of defense.

**WHEREFORE,** defendant, third party plaintiff Janus Films Company, LP, demands demands judgment against plaintiffs and against third party defendant, as applicable:

A. Dismissing the complaint herein with prejudice.

B. Awarding Janus judgment on its counterclaims, for damages, interest, costs and reasonable counsel fees, to the extent authorized or provided by law, and declaring that the 2011 Extension is a valid, binding and enforceable agreement.

C.  Awarding Janus judgment on its third party complaint for indemnity against any liability which Janus may have to plaintiffs, or any one or more of them, together with Criterion's costs and disbursements of defense, including reasonable counsel fees; and

D.  Granting such other, further or different relief against plaintiffs, or any one or more of them, and against third party defendant, as to the Court may seem just and proper.

Respectfully submitted,

**ULLMAN, FURHMAN & PLATT, P.C.**
Attorneys for Defendant/Third Party Plaintiff

By: _____
Jeffrey D. Ullman, Esq.
A Member of the Firm
JU3590
89 Headquarters Plaza
Morristown, New Jersey 07960
Telephone: (973) 993-1744
Facsimile: (973) 993-1748

Dated: Morristown, New Jersey
January 28, 2013

CERTIFICATION OF SERVICE

The undersigned hereby certifies that on January 28, 2013, a true and correct copy of the within pleading was served upon all counsel of record entitled to electronic service thereof via the Court's ECF system.

_____
Jeffrey D. Ullman

Dated: Morristown, New Jersey
January 28, 2013